Stephen GUYER, Appellant,

v.

CITY OF KIRKWOOD, Respondent.

No. SC 82740.

Supreme Court of Missouri,
En Banc.

March 6, 2001.

Rick Barry and Greg Kloeppel, Clayton, for Appellant.

John Hessel and David Helms, St. Louis, for Respondent.

LIMBAUGH, Judge.

Steven Guyer appeals from a judgment of the Circuit Court denying his petition for a declaratory judgment in which he sought disclosure of an internal police investigation report from the City of Kirkwood. The Circuit Court, applying the Sunshine Law, chapter 610, RSMo, held that the record is exempt from mandatory disclosure. After opinion by the Court of Appeals, Eastern District, this Court granted transfer. Mo. Const. art. V, sec. 10. Reversed and remanded.

Appellant is employed as a commissioned police officer by the City. In December 1997, the City received a citizen complaint alleging that appellant had engaged in misconduct. The Bureau of Internal Affairs of St. Louis County Police Department (Bureau) assisted the City in investigating the complaint and, ultimately, concluded that the complaint was unfounded. After the investigation was completed, the Bureau furnished a report of the investigation to the City. Appellant twice requested a copy of the report from the City, as well as the identity of the complainant and the specifics of the complaint, but, the City denied the requests based upon its interpretation of the Sunshine Law.

■ When reviewing a declaratory judgment, an appellate court's standard of review is the same as in any other court-tried case. *McDermott v. Carnahan,* 934 S.W.2d 285, 287 (Mo. banc 1996). That is, the trial court's decision should be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.; Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellant argues that, under section 610.100.2, RSMo Supp.1995, the City is under a duty to disclose the complaint and report because they were prepared in connection with an investigation into a crime or suspected crime and the investigation is now inactive. The City argues, consistent with the trial court's holding, that it need not disclose the records because, under section 610.021, RSMo Supp.1995, the complaint and report were related to the "[h]iring, firing, or disciplining . . . of a particular employee," that they constituted "identifiable personnel records," and that they were maintained for the sole purpose of assessing appellant's fitness to perform his duties as a police officer.

■ Section 610.100.2 states in pertinent part:

Each law enforcement agency of this state, of any county, and of any municipality, shall maintain records of all incidents reported to the agency, investigations and arrests made by such law enforcement agency. All incident reports and arrest reports shall be open records. Notwithstanding any other provision of law other than the provisions of subsections 4, 5 and 6 of this section or section 320.083, RSMo, investigative reports of all law enforcement agencies are closed records until the investigation becomes inactive. . . .

Under this statute, "incident reports" are open records, and by implication, once the ensuing investigation becomes inactive, "investigative reports" become open records as well.

In contrast, section 610.021 provides in pertinent part:

Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:

\* \* \*

(3) Hiring, firing, disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed or recorded. . . . As used in this subdivision, the term "personal information" means information relating to the performance or merit of individual employees;

\* \* \*

(13) Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment. . . .

■ At first glance, the records in this case appear to qualify both as incident and investigative reports under section 610.100, which are open records, and as "personnel records," or records containing "information relating to the performance or merit of individual employees" under section 610.021, which are records that may be closed. However, the permissive closure available in section 610.021 is qualified by its own terms, that is, records may not be closed under that section "to the extent disclosure is otherwise required by law." Where, as here, a specific statute requires disclosure of a specific type of public record, section 610.021 may not be relied on to maintain closure, although it would otherwise apply.

■ Furthermore, in cases like this, where more than one provision of chapter 610 applies to a record, the decision to open or close the record must be informed by the express public policy stated in section 610.011.1, which is that all records of public governmental bodies are presumed to be open records and that the exceptions in sections 610.010 to 610.028, including those in section 610.021, are to be strictly construed to promote that policy. In effect, section 610.011.1 should be used as a tiebreaker in favor of disclosure when records fit equally well under two specific but opposite provisions of the Sunshine Law.

The City's reliance on *Wolfskill v. Henderson*, 823 S.W.2d 112 (Mo.App.1991), and *Wilson v. McNeal*, 575 S.W.2d 802 (Mo.App.1978), for the proposition that all records of internal investigations of police officers can be closed as personnel records is misplaced. In neither of those cases does the court state whether the record at issue derived from an internal police investigation into alleged criminal misconduct, nor does the court address the interplay between sections 610.100 and 610.021. In fact, both of those cases were decided when a different version of section 610.100 was in effect. That version, section 610.100, RSMo 1978, did not refer to "incident reports" or "investigative reports," but referred solely to "arrest records," instead. Since then, the section has been amended several times. In 1995, the legislature first defined "incident reports" and "investigative reports," and made them open records, as set out above. In any event, to the extent that *Wolfskill* and *Wilson* can be read to hold that records of internal investigations into criminal misconduct may be closed under section 610.021, those cases are inconsistent with the current version of section 610.100, and are no longer to be followed.

■ Although this Court holds that section 610.100.2 overrides section 610.021, application of that holding to the facts of this case is problematic. Appellant maintains that the records at issue include both an incident report and an investigative re-

port. Under section 610.100.1(4), an "incident report" is "a record of a law enforcement agency consisting of the date, time, specific location, name of the victim and immediate facts and circumstances surrounding the initial report of a crime or incident, including any ... complaints maintained by that agency." Under section 610.100.1(5), an "investigative report" is "a record, other than an arrest or incident report, prepared by personnel of a law enforcement agency, inquiring into a crime or suspected crime, either in response to an incident report or in response to evidence developed by law enforcement officers in the course of their duties." Clearly, the original citizen's complaint qualifies as an "incident report," which is an open record that must be disclosed. On the other hand, the Bureau's subsequent investigation report qualifies as an investigative report under the statute only if it is shown that the investigation was directed to alleged criminal conduct.

 Unfortunately, the record on appeal does not establish whether the citizen complaint at issue involved any accusation of criminal conduct. Appellant alleged he was informed by the City that he had been accused of criminal conduct; the City, however, characterizes the complaint as touching only upon appellant's fitness to perform his duties as a police officer. At oral argument, appellant argued that the City, in its answer to his petition, made a judicial admission that the citizen complaint accused him of criminal conduct. But, taken as a whole, the City's pleading, at worst, is merely inconsistent and ambiguous; there is no clear and unqualified admission, as is required for a party's assertion to constitute a judicial admission. *See Chilton v. Gorden,* 952 S.W.2d 773, 778 (Mo.App.1997). Therefore, the case must be remanded for the trial court to determine whether the citizen complaint implicated appellant in any criminal conduct. If appellant was so implicated, it should be presumed that such alleged criminal conduct was the subject of the investigation, and the report generated by the investigation must be disclosed. In that regard, however, relevant portions of the "investigative report," and the "incident report" as well, may be redacted under the protections afforded by section 610.100.3, if any are applicable.

The judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

PRICE, C.J., WHITE, HOLSTEIN, WOLFF and BENTON, JJ., and MANNERS, Sp. J., concur.