Kendra SCHNEIDER, By n/f Linda K. SCHNEIDER, Plaintiff–Appellant,

v.

STATE of Missouri, DIVISION OF WATER SAFETY, A Division of the Department of Public Safety, Defendant–Respondent.

No. 69537.

Supreme Court of Missouri, En Banc.

April 19, 1988.

James E. Spain, John R. Hopkins, Jr., Poplar Bluff, for plaintiff-appellant.

William L. Webster, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

WELLIVER, Judge.

Appellant, Kendra Schneider appeals from the Circuit Court of Wayne County's order sustaining respondent State of Missouri's Motion to Dismiss. The Court of Appeals, Southern District, affirmed the circuit court's order. We transferred this case by authority of Mo. Const. art. V. § 10. We reverse and remand the cause to the circuit court for further proceedings.

Appellant Kendra Schneider, a minor, through her mother and next friend Linda K. Schneider, brought this action against respondent, State of Missouri, for the alleged wrongful death of her father James L. Schneider, who died on May 16, 1986 by drowning. The petition alleged: Harold E. Crafton, Jr., was a water safety officer employed by the Division of Water Safety; Crafton, at the time of the fatal incident, was operating a motor boat for the benefit of, and within the scope of his employment by the state. The decedent was riding as a passenger in the motor boat. The accident occurred on the Black River Arm of Clearwater Lake in Reynolds County. It was alleged that Crafton operated the motor boat in such a negligent manner as to cause himself and decedent to be thrown from the boat and that the negligence of Crafton in the operation of the boat caused decedent's death. The petition also contained assignments of specific negligence on the part of Crafton and pleaded that by reason of decedent's death, appellant was deprived of his support, services and society.

Respondent filed a motion to dismiss on the ground that the action was barred by sovereign immunity. Section 537.600.1(1), RSMo 1986, the sovereign immunity statute, provides in pertinent part:

Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or mod-

ified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment. . . .

Respondent argues that statutes waiving sovereign immunity should be strictly construed and that a motor boat is not a "motor vehicle or motorized vehicle" based on its analysis of other Missouri statutes that define those terms or similar terms. Respondent claims "motor vehicle" means automobiles or vehicles with wheels, and "motorized vehicles" includes motorized bicycles, tractors, construction equipment or all-terrain vehicles. *See e.g.:* §§ 300.-010(14), (15), (16), (40), RSMo 1986; 301.-010(48), RSMo Supp.1987; 301.010(1), (16), (25), (36), RSMo 1986; 301.250–.257, RSMo 1986; 302.010(9), RSMo 1986; 303.020(5), RSMo 1986; 306.010, RSMo 1986; 307.-020(8), RSMo 1986; 307.180(1), RSMo 1986. Respondent concludes that the word "vehicle" means a device with wheels.

The general rule of statutory construction is that words used in statutes are to be considered in their plain and ordinary meaning. *Bank of Crestwood v. Gravois Bank,* 616 S.W.2d 505, 510 (Mo. banc 1981); *Beiser v. Parkway School District,* 589 S.W.2d 277, 280 (Mo. banc 1979). "Vehicle" is defined in Webster's Third New International Dictionary 2538 (1976) as "a means of carrying or transporting something . . . a carrier of goods or passengers." A motor boat is a vehicle that can carry goods and passengers.

Although it has been held that statutes which waive sovereign immunity should be strictly construed, *Beiser, supra,* it also has been held that a statute is to be given a reasonable interpretation in light of the legislative objective and the true intentions of the framers must be followed. *BCI*

*Corp. v. Charlebois Const. Co.,* 673 S.W.2d 774, 780 (Mo. banc 1984). Also, the court presumes the legislature did not intend to enact an absurd law and favors a construction that avoids unjust and unreasonable results. *State ex rel. McNary v. Hais,* 670 S.W.2d 494, 495 (Mo. banc 1984). The legislative intent and the meaning of the words can, in many instances, be found in the general purposes of the legislative enactment. *Bank of Crestwood, supra.*

Today there are numerous types of vehicles designed to operate both on land and water having both wheels and motorized propulsion of some form for operating in water. Perhaps the most well known are the "weasels" of World War II vintage and the all-terrain vehicles used today by water fowl hunters and conservation personnel.

Allowing recovery for an incident involving a motor boat does not frustrate the legislative intent of the sovereign immunity statute nor broaden the waiver provision. Denying recovery to one whose loss results from a government employee's negligent use of a motor boat, while granting relief to one whose loss results from a government employee's negligent use of a vehicle with wheels is an unjust and unreasonable result. A motor boat is a motorized vehicle within the plain meaning of the statute.

The judgment of the trial court is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

All concur.