**JOHN C. HEMEYER, Sheriff of Cole County, Respondent,**

v.

**KRCG–TV, Appellant.**

No. SC 81610.

Supreme Court of Missouri, En Banc.

Dec. 7, 1999.

continuously recorded, although 28 places are sequentially viewed. If an event occurs that requires continuous recording, the system can be overridden to record in that one place.

The circuit court found that the videotape was not a public record under section 610.010(6) and therefore did not have to be disclosed to KRCG–TV.

Jean Lamfers, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Isham R. Jones, III, Karen A. King, Asst. Attys. Gen., Jefferson City, for Amicus Curiae.

Richard G. Callahan, Pros. Atty., Jefferson City, for Respondent.

DUANE BENTON, Judge.

The circuit court ruled that a booking videotape was not a public record subject to disclosure under chapter 610 RSMo 1994.[1] The Court of Appeals would have affirmed this ruling, but also would have remanded for an award of attorney's fees under section 610.027.5. This Court granted transfer. *Mo. Const. art. V, sec 10.* Reversed and remanded.

I.

During the night of April 25–26, 1997, a state representative was arrested for driving while intoxicated, and brought to the Cole County sheriff's office for booking. On April 28, KRCG–TV formally requested that the Sheriff release the videotape that included the representative's booking. The Sheriff refused and filed for declaratory judgment that the videotape was not a public record under chapter 610.

The Sheriff made the videotape to record any event that might lead to litigation. Unless the tape documents such an event, it is recycled, usually within a period of four-and-a-half to six-and-a-half days. No one place in the sheriff's office or jail is

II.

All public records shall be open to the public for inspection and duplication. *Sections 610.011.1, 610.015.* KRCG–TV argues that the booking videotape is a public record, as defined in section 610.010(6):

> **"Public record"**, any record, whether written or electronically stored, retained by or of any public governmental body....

The parties stipulated that the Sheriff is a public governmental body. The Sheriff does not invoke any express exceptions in section 610.021. The issue is whether the videotape is "any record ... retained by or of any public governmental body."

■ The Sheriff argues that the videotape is not a public record because it is not "retained by" him, since the tapes are regularly reused.[2] Chapter 610 does not define "retain." This Court therefore relies on the plain and ordinary meaning of the word. *Spradlin v. City of Fulton,* 982 S.W.2d 255, 258 (Mo. banc 1998). The plain and ordinary meaning of a word is derived from the dictionary. *Spradlin,* 982 S.W.2d at 262 (citing section 1.090; *Abrams v. Ohio Pacific Exp.,* 819 S.W.2d 338, 340 (Mo. banc 1991)). The ordinary meaning of the word *retain* is "to hold or continue to hold in possession or use: continue to have, use, recognize, or accept: maintain in one's keeping...." *Webster's Third New International Dictionary* 1938 (1976).

---

1. All statutory citations are to RSMo 1994 unless otherwise noted.

2. The videotape, at issue, is presently in the custody of the Cole County Circuit Court.

Although the tapes are reused, they are still retained by the Sheriff. The plain and ordinary meaning of the word "retain" does not specify a length of time for holding or maintaining. *See Missouri Protection and Advocacy Serv. v. Allan,* 787 S.W.2d 291, 293 (Mo.App.1990). The Sheriff retains the booking tapes for at least four-and-a-half days. At the time of the request, the Sheriff retained the tape of the state representative's booking.

### III.

More fundamentally, the Sheriff asserts that the tape is not a record at all, citing section 109.210(5):

"**Record**", document, book, paper, photograph, map, sound recording or other material, regardless of physical form or characteristics, made or received pursuant to law or in connection with the transaction of official business....

Initially, it should be emphasized that the definition in section 109.210(5) is expressly limited to the "State and Local Records Law," sections 109.200 to 109.310. *Section 109.210.*

Chapter 109 is relevant because it determines the period of time that records are retained. Chapter 109 authorizes the Secretary of State, the Director of Records Management, State Records Commission, and Local Records Board – upon recommendation by state and local agency heads – to establish the length of time records are kept. *Sections 109.230(3), (4); 109.240(3); 109.241(1); 109.250.2; 109.255.1; 109.280; see 15 CSR 30–45.020(3) (1992).* Records can be destroyed only as allowed by the State Records Commission or Local Records Board. *Sections 109.260, 109.270, 109.310.*

The Sheriff stresses that chapter 109 defines "nonrecord" materials, and also refers to materials that are not "records." *Section 109.260.2; cf. 109.210(5).* However, even these nonrecord materials require approval of the Commission or Board, before they may be destroyed. *Section 109.260.2.*

From the definition in chapter 109, the Sheriff deduces that the booking videotape is a "nonrecord" material, and thus should not be a record under chapter 610. While chapter 109 specifies how long materials are retained, access is governed by chapter 610. Section 610.010(6) and 610.015 state that "any record" must be open to the public. Section 610.011.1 reinforces this point:

It is the public policy of this state that ... records ... of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.

Both sections 610.010(6) and 610.011.1 use the term "record." True, the dictionary has a host of definitions of "record," some that stress permanency, and some that do not. *See Webster's Third New International Dictionary* 1898 (1976). To the extent the term "record" in chapter 610 is ambiguous, the statutory mandate of liberal construction necessitates that a videotape retained for four-and-a-half days is a record.

### IV.

As amicus curiae, the attorney general argues that the booking videotape should be governed by the rules on "investigative reports" in sections 610.100 to 610.150 RSMo Supp.1995. However, this issue was not raised by the pleadings or presented to the circuit court. Amicus cannot inject issues into a case not presented by the pleadings and the parties. *State ex rel. Jackson County Library District v. Taylor,* 396 S.W.2d 623, 626 (Mo. banc 1965). Thus, this Court need not address the issues advanced by the amicus.

### V.

The Sheriff brought this suit to determine the propriety of "closing" the booking videotape, expressly invoking section 610.027.5. KRCG–TV therefore argues that it is entitled to an award of its

expenses, including attorney fees, under section 610.027.5:

> A public governmental body which is in doubt about the legality of closing a particular meeting, record or vote may bring *suit at the expense of that public governmental body* in the circuit court of the county of the public governmental body's principal place of business to ascertain the propriety of any such action, or seek a formal opinion of the attorney general or an attorney for the governmental body.

(emphasis added).

Two districts of the Court of Appeals have analyzed the phrase "suit at the expense of that public governmental body." The Western District reasoned that since the public body was obligated—before the statute's enactment—to bear its own expenses, the phrase must refer to the other party's expenses. *State ex rel. Missouri Local Government Retirement System v. Bill*, 935 S.W.2d 659, 665–666 (Mo.App. 1996). Most importantly, the legislative mandate of liberal construction (section 610.011.1) prevents a contrary interpretation:

> Not requiring the public governmental body to bear [the requestor's] expenses would open a means for public governmental bodies to thwart the public policy underlying the open meetings and records law. The agency would be free to "test" the determination of anyone requesting its records by filing a lawsuit, putting that person in the dilemma of not defending his or her request in court or enduring the significant expense of doing so.

*Id.* at 666. This absurd result equally preempts the separate opinion's linchpin: that "reasonable fees" for access to records (under section 610.026.1) could include the government's expense of a test suit.[3]

The Southern District reviewed and amplified the Western District's rationale. *City of Springfield v. Events Publishing Co.*, 951 S.W.2d 366, 373–374 (Mo.App. 1997). Directly addressing whether "expense" includes "attorney fees," the Southern District noted that while the statutory terms "costs" and "expenses" do not ordinarily include attorney fees, the phrase "expense of litigation" in a liability policy does include attorney fees. *Id.* at 373–74. The Southern District concluded that liberally construing "suit at the expense of that public governmental body" means that the public body must pay the attorney fees of the party it sues under section 610.025.5.

The Sheriff invokes section 610.027.3 RSMo Supp.1998:

> Upon a finding by a preponderance of the evidence that a public governmental body or a member of a public governmental body has purposely violated sections 610.010 to 610.027, the public governmental body or the member shall be subject to a civil fine … and the court may order the payment by such body or member of all costs and reasonable attorney fees to any party successfully establishing a violation of sections 610.010 to 610.026.

The Sheriff claims that he should not pay KRCG–TV's attorney fees since he did not purposely violate the open records law, citing *Spradlin*, 982 S.W.2d 255.

Here, the public governmental body sued to determine whether it should disclose the videotape. Thus, this suit is governed by section 610.027.5, and is "at the expense of the public governmental body." In *Spradlin*, a taxpayer sued. 982 S.W.2d at 258. Suits for "judicial enforce-

---

**3.** After KRCG–TV's request, the circuit court's judgment and the Court of Appeals' decision, the General Assembly amended section 610.026.1:(1) to repeal the authorization for "reasonable fees for providing access," (2) to require each governmental body to "provide access" to records, and (3) to require each governmental body to certify that the copying fee is "fair, reasonable, and does not exceed the actual cost…." *Section 610.026.1 RSMo Supp.1998 (effective August 28, 1998).*

ment" of chapter 610 are governed by the first four subsections of 610.027. Therefore, in *Spradlin*, the awarding of attorney fees was governed by section 610.027.3. *Spradlin* does not control the award of attorney fees under section 610.027.5. This case is remanded to the circuit court for an award of KRCG–TV's expenses, including reasonable attorney fees.

## VI.

The judgment of the circuit court is reversed, and the case is remanded.

WHITE and WOLFF, JJ., and
AHRENS, Special Judge, concur;
HOLSTEIN, J., concurs in part and
dissents in part in separate opinion filed;
PRICE, C.J. and LIMBAUGH, J., concur
in opinion of HOLSTEIN, J.
COVINGTON, J., not participating.

JOHN C. HOLSTEIN, Judge,
concurring in part and dissenting in part.

I concur in Parts I through IV. However, I respectfully dissent from part V and its conclusion that the provision authorizing a public agency to "bring suit at the expense of the public governmental body," as used in sec. 610.027.5, means that a public agency must pay the attorney fees of all parties who happen to become parties to such suit.

Without doubt, sec. 610.027.5 is to be liberally construed to promote the public policy that public records are to be open to the public. *Sec. 610.011.1, RSMo 1994.* However, that section should not be so liberally construed as to bring about an absurd result. *Schneider v. State Div. Of Water Safety,* 748 S.W.2d 677, 678 (Mo. banc 1988). Under the majority's analysis, the sheriff would have been forced to pay KRCG's attorney fees even if the sheriff had won on the merits of its suit.

Furthermore, this result is unreasonable because it does not promote the release of public records. Instead, it will discourage public governmental bodies from taking the initiative and going to court to determine whether the information sought is indeed a public record where it has reasonable doubt. Indeed, no right thinking governmental body will again seek judicial advice, knowing that it must pay for all the other parties' attorney fees, whether such parties are seeking to compel or prevent[1] the disclosure. But if that governmental entity waits and lets the party seeking the information file suit first, that governmental body will only pay the other side's attorney fees if it is found to have purposefully violated secs. 610.010 to 610.027. *Sec. 610.027.3.* In a case like the present one, if the sheriff had simply released the record and such disclosure proved to be improper, the sheriff faced potential liability to the persons injured by the disclosure. Where the government has doubt about the propriety of disclosure in the future, it will be in the best interests of the public governmental body to let the party seeking the information go to court first. That result is wholly inconsistent with promoting disclosure.

Usually, parties are not entitled to an award of attorney's fees absent a contract, statute allowing for the award or in rare equitable situations. *Harris v. Union Electric Co.,* 766 S.W.2d 80, 89 (Mo. banc 1989). Here the particular subsection in question does not mention attorney's fees. Rather, the duty to pay such fees is a matter of judicial construction. Bringing suit at the "expense" of the governing body should mean no more than its plain meaning permits, which is that the governmental agency may not charge the party seeking the records any fee for the agen-

---

1. One having a liberty or property interest at stake if a disclosure occurs and whose interests are not adequately protected by the governmental body is entitled to intervene under Rule 52.12(a) in order to prevent disclosure. Moreover, where multiple media outlets are seeking a record, all would be required to be joined or intervene. Under the majority interpretation, each of these parties would be entitled to its own counsel at government expense.

cy's cost in bringing suit. This meaning is made clearer when sec. 610.027.5 is read in conjunction and in context with sec. 610.026.1. Section 610.027.5 provides a check against a governmental body requiring a requesting party to advance its expenses of suit as "reasonable fees for providing access to" public records. *Sec. 610.026.1.*

If the legislature wished to assess all parties' attorney fees to the governmental agency, regardless of how meritless those parties' claims may be, it knows how to make such provision. In fact, the General Assembly has demonstrated that it knows how to provide for the award of attorney's fees in "open records" cases by making specific provision therefore in another subsection of the same statute. *See sec. 610.027.3.* By specifying the limited circumstances under which attorney fees may be awarded, it is contrary to both the canons of construction and sound reason to say that the legislature had a secret intent to award such fees in other circumstances.

Since the government must bear all attorney fees for all parties regardless of outcome, the Court's construction will only serve to encourage meritless challenges, unnecessary discovery and motions, and frivolous appeals when a governmental body seeks judicial guidance regarding open records. Moreover, the interpretation will ensure that governmental bodies will not seek such guidance, and parties requesting disclosure will be forced to file suit in doubtful cases. That is inconsistent with a "liberal interpretation" that promotes disclosure. *Sec. 610.011.*

For these reasons, I respectfully dissent from part V of the majority opinion.