**GREAT RIVERS ENVIRONMENTAL LAW CENTER, Appellant,**

v.

**CITY OF ST. PETERS, Respondent.**

No. ED 91964.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 26, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 2009.

Application for Transfer Denied
Sept. 1, 2009.

---

2. In their motion to dismiss Respondents requested damages for Appellant's frivolous appeal. We deny that request.

Bruce A. Morrison, St. Louis, MO, for Appellant.

Victor S. Williams, Jeremy K. Johnson, St. Charles, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

On July 26, 2007, Great Rivers Environmental Law Center (hereinafter, "Great Rivers") requested records from the City of St. Peters (hereinafter "the City") pursuant to Chapter 610 of the Missouri Re-

vised Statutes (hereinafter, "the Sunshine Law"). Great Rivers sought information regarding the City's efforts to revise a flood insurance rate map and a flood insurance study. Great Rivers filed suit on September 13, 2007, seeking enforcement of Section 610.027 RSMo (Cum.Supp. 2006).[1] Great Rivers and the City submitted the matter to the trial court on a stipulated record. The trial court found in favor of the City; Great Rivers brings this three point appeal. We affirm.[2]

This Court reviews court-tried cases pursuant to the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Hence, we will affirm unless the decision is not supported by the evidence, is against the weight of the evidence, erroneously declares the law, or erroneously applies the law. *Id.* "In a case tried on stipulated facts, the only issue on appeal is whether the trial court drew the proper legal conclusions from the stipulated facts. In making this determination, we accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence." *Collins & Hermann, Inc. v. TM2 Const. Co., Inc.,* 263 S.W.3d 793, 796 (Mo.App. E.D.2008)(*citing Eisel v. Midwest Bank-Centre,* 230 S.W.3d 335, 337–38 (Mo. banc 2007)). Questions of law are reviewed de novo. *Id.*

Missouri's well-established public policy is "that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law." Section 610.011.1; *see also Transit Cas. Co. ex rel. Pulitzer Publishing Co. v. Transit Cas. Co. ex rel. Intervening Employees,* 43 S.W.3d 293, 300 (Mo. banc 2001). The legislature provides that to accomplish this open policy,

1. All further statutory references herein are to RSMo (Cum.Supp.2006) unless otherwise indicated.

2. Great Rivers' motion taken with the case for attorneys' fees is denied.

provisions of the Sunshine Law are to be construed liberally. Section 610.011.1; *State ex rel. Moore v. Brewster*, 116 S.W.3d 630, 636 (Mo.App. E.D.2003).

On July 26, 2007, Great Rivers requested from the City a wide array of documents [3] from the previous two years. The City responded to the request, and then on August 15, 2007, the City invoked its right pursuant to Section 610.207.6, to seek an opinion from the Attorney General regarding the legality of closing particular records covered by Great Rivers' request. The City stated it would provide Great Rivers documents consistent with the decision of the Attorney General. On September 13, 2007, before the Attorney General rendered an opinion, Great Rivers filed a two count petition against the City. In its first amended petition, Great Rivers alleges the City knowingly and purposely violated the Sunshine Law. Specifically, the counts in Great Rivers' petition track the language of Section 610.027.3 and Section 610.027.4, respectively. The City raised six affirmative defenses in its answer.

Great Rivers and the City submitted the cause to the trial court on stipulated facts with trial briefs. The trial court entered judgment in favor of the City, finding the City neither knowingly nor purposely violated Chapter 610. The trial court further found the evidence supported the City's belief that the documents requested were subject to the litigation exception of Section 610.021. Great Rivers brings this three point appeal.

■ For the sake of clarity, this Court chooses to discuss Great Rivers' points on appeal in a different order. We begin by addressing Great Rivers' second and third points on appeal. Great Rivers claims the trial court erred in finding the City neither knowingly nor purposely violated the Sunshine Law.

The resolution of this appeal centers on the application of four subsections of Section 610.027. Section 610.027.3 sets forth the remedy when a public governmental body knowingly violates Sections 610.010 to 610.026. Section 610.027.4 sets forth the remedy when a public governmental body purposely violates Sections 610.010 to 610.026. Section 610.027.5 sets forth the remedy when a public governmental body violates Sections 610.010 to 610.026. Further, Section 610.027.6 provides:

A public governmental body which is in doubt about the legality of closing a particular meeting, record or vote may bring suit at the expense of that public governmental body in the circuit court of the county of the public governmental body's principal place of business to ascertain the propriety of any such action, or seek a formal opinion of the attorney general or an attorney for the governmental body.

"This Court presumes that the legislature intended that every word, clause, sentence, and provision of a statute have effect and should be given meaning. Conversely, we presume that the legislature did not include excess language or idle verbiage in a statute." *Shipman v. DNS Electronic Materials, Inc.*, 267 S.W.3d 751, 758 (Mo.App. E.D.2008). Mindful of our standard of review, this Court agrees with the trial court that there was not a preponderance of evidence within the stipulated facts to find the City knowingly or purposely violated the Sunshine Law because the City availed itself to the procedure of Section 610.027.6.

The City adhered to the provisions of Section 610.027.6, by seeking the Attorney

---

3. While not an issue on appeal, it is not clear that every document requested by Great Rivers would comply with the definition of a public record pursuant to Section 610.010(6).

General's opinion regarding the legality of closing some of the requested documents. The City further demonstrated its desire to comply with Great Rivers' request by stating it would abide by the decision of the Attorney General. The City's efforts, however, were thwarted by Great Rivers filing suit prematurely in that the Attorney General declined to issue an opinion regarding pending litigation. Based upon these stipulated facts, Great Rivers is unable to prove by a preponderance of the evidence that the City either knowingly or purposefully committed violations of Sections 610.010 to 610.026.[4] Points two and three are denied.

In Great Rivers' first point on appeal, it claims the trial court erred in entering judgment in favor of the City on counts one and two of its amended petition because the records it requested were not subject to the litigation exception. Great Rivers asserts that the City is unable to demonstrate the requested documents relate to litigation; thereby, failing to meet the criterion to satisfy its proposed affirmative defense.

■ Section 610.021 sets forth exceptions for when "a public governmental body is authorized to close meetings, records and votes...." The litigation exception of Section 610.021(1) allows for meetings and records to be closed under a series of very limited circumstances. "Statutory exceptions allowing records to be closed are to be strictly construed." *Scroggins v. Missouri Dept. of Social Services, Children's Division,* 227 S.W.3d 498, 500 (Mo.App. W.D.2007).

■ The City asserted the litigation exception as an affirmative defense to Great Rivers' petition. "An affirmative defense contemplates additional facts not included in the allegations necessary to support plaintiff's case and avers that plaintiff's theory of liability, even though sustained by the evidence, does not lead to recovery because the affirmative defense allows the defendant to avoid legal responsibility." *City of Peculiar v. Effertz Bros Inc.,* 254 S.W.3d 51, 59 (Mo.App. W.D.2008)(*quoting Parker v. Pine,* 617 S.W.2d 536, 542 (Mo. App. W.D.1981)); *see also ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 383 (Mo. banc 1993).

Due to our resolution of the other points on appeal, Great Rivers' petition failed to prove its theory of liability. Great Rivers' petition only alleged two counts against the City in that the City knowingly (count one) or purposefully (count two) violated the Sunshine Law. Since Great Rivers failed to make its case, there is no need for this Court to address the legal issues surrounding a potential defense by the City. Point denied.

The judgment of the trial court is affirmed.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.

---

**4.** The legislature provided three levels of *mens rea* with regard to a public governmental body's violation of the Sunshine Law. *See* Sections 610.027.3, 610.027.4, 610.027.5.