

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| CITY OF BYRNES MILL, MISSOURI, | ) | No. ED107847 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Joseph A. Rathert |
| CRAIG LIMESAND, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 4, 2020 |

## Introduction

Craig Limesand ("Limesand") appeals the trial court's grant of declaratory judgment to

the City of Byrnes Mill, Missouri ("the City") on its petition for *in camera* review and redaction

of an internal affairs investigative report ("the Report") requested by Limesand under the

Sunshine Law.  On appeal, Limesand challenges the trial court's procedure in arriving at its

judgment, the denial of his discovery motion to view the unredacted Report, and the denial of his

request for attorneys' fees and costs.  Limesand also seeks to recover attorneys' fees and costs

incurred in pursuing this appeal.  Because Section 610.027.6[1] allows a public governmental body

to seek judicial guidance in determining the scope of appropriate exemptions and redactions

when fulfilling a Sunshine Law request, the trial court did not err in conducting a hearing and

then proceeding with *in camera* review and redaction of the Report.  Further, because the

---

[1] All Section references are to RSMo (2016) unless otherwise indicated.

contents of the Report comprised the focus of the petition for declaratory judgment filed by the City, the trial court did not err in denying Limesand's motion to compel production of the Report prior to an *in camera* review. Therefore, we affirm the trial court's judgment with respect to Limesand's first two points. With regard to Limesand's challenge to the trial court's denial of his request for an award of attorneys' fees and costs, Section 610.027.6 authorizes such relief be granted on the City's declaratory-judgment action. We agree that the trial court erred in declining to consider the award of any expenses because Section 610.027.6 requires the City to bear the costs of its suit for judicial interpretation of its Sunshine Law disclosure obligations. Accordingly, we reverse with regard to Point Three and remand to the trial court with instructions to grant Limesand reasonable attorneys' fees and costs.

Factual and Procedural History

In August 2018, the City received a vote-of-no-confidence letter alleging criminal conduct by an officer in the City's police department. At the City's request, the Arnold police department investigated the allegations and produced the Report.

Limesand submitted an initial Sunshine Law request to the City seeking police call logs and reports for August 3, 2018, as well as any correspondence between the City and Arnold concerning the investigation of the City's police department. The City informed Limesand that no documents memorialized its oral communication with Arnold and provided Limesand a copy of the requested police log. Limesand submitted a second Sunshine Law request on December 30, 2018, in which he sought a list of the City's employed police officers and a copy of the Report. In January 2019, the City supplied Limesand with the roster of its employed police officers and a synopsis of the Report. The City also filed a declaratory-judgment action requesting the trial court conduct an *in camera* review of the Report and redact portions of the Report not subject to Limesand's Sunshine Law request. In his responsive pleading, Limesand

2

raised affirmative defenses with respect to the Sunshine Law and challenged the City's failure to disclose the complete contents of the Report. Limesand also requested an award of attorneys' fees as authorized under the Sunshine Law.

The City provided notice for a hearing on its petition to be held on February 19, 2019. At the hearing, the trial court heard arguments by the City and Limesand on the City's petition. Limesand also moved to dismiss City's petition and to compel the City to provide his attorney with an unredacted copy of the Report. Although Limesand did not notice his motions for hearing, the record indicates the trial court reviewed and acknowledged both motions on the docket. The trial court directed the parties to brief the issue of whether an unredacted version of the Report should be provided to Limesand's attorney. The trial court further ordered the City to provide it an unredacted copy of the Report for *in camera* review. After reviewing the unredacted Report and the parties' briefing memoranda, the trial court issued an order and judgment in favor of the City, finding the Report was covered by the Sunshine Law but that some portions of the Report were subject to redaction. The trial court attached a copy of the Report with its redactions to its order and judgment. The City then filed a voluntary dismissal of its petition, after which Limesand moved the trial court to amend its judgment and order the City to pay Limesand's attorneys' fees associated with Limesand's defense of the City's petition, which the trial court denied. Limesand now appeals.

## Points on Appeal

Limesand raises three points on appeal. Point One argues that the trial court erred in entering judgment sua sponte for the City on its petition because no evidentiary hearing was conducted to resolve disputed material facts and no substantial evidence supported the judgment. Point Two contends that the trial court erred in overruling Limesand's motion to compel production of the unredacted report because the City did not assert any legitimate privilege to

3

preclude discovery of the relevant information in the Report. Finally, Point Three challenges the trial court's denial of Limesand's request for the award of attorneys' fees and costs.

Discussion

## I.  Point One—Procedural Posture of a Declaratory-Judgment Action Seeking Interpretation of Sunshine Law Disclosure Obligations[2]

### A.  Standard of Review

In reviewing a declaratory-judgment action, we will "affirm the judgment unless it incorrectly declares or applies the law, is not supported by substantial evidence, or is against the weight of the evidence." Farber v. Metro. Police Dep't of the City of St. Louis, 558 S.W.3d 70, 73 (Mo. App. E.D. 2018) (internal citations omitted); Great Rivers Envtl. Law Ctr. v. City of St. Peters, 290 S.W.3d 732, 733 (Mo. App. E.D. 2009) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). "A trial court's judgment is not supported by substantial evidence when there is no evidence in the record tending to prove a fact that is necessary to sustain the circuit court's judgment as a matter of law." Laut v. City of Arnold, 491 S.W.3d 191, 197 (Mo. banc 2016) (Laut II) (internal quotation omitted). We defer to the trial court's factual determinations and disregard all contrary evidence. See Great Rivers, 290 S.W.3d at 733. However, we review de novo issues of statutory interpretation, which present questions of law. Laut II, 491 S.W.3d at 196 (internal citation omitted); Farber, 558 S.W.3d at 73 (internal citation omitted); Great Rivers, 290 S.W.3d at 733.

---

[2] The City suggests Limesand's appeal should be dismissed for untimely filing of the notice of appeal. Rule 81.05 provides that a premature notice of appeal shall be considered as filed immediately after the time the judgment becomes final for purposes of appeal. Dismissal is not warranted here because Limesand's premature notice of appeal became effective when the trial court's judgment became final. See Coffer v. Wasson-Hunt, 281 S.W.3d 308, 311 (Mo. banc 2009) (citing Mo. R. Civ. P. Rule 81.05(b)).

The City additionally proposes that Limesand's appeal should be dismissed due to his failure to submit the transcript of the hearing on the City's petition. While this Court preliminarily accepted a late filing of the transcript, we find Limesand's record on appeal was not deficient because the transcript was not necessary to our review of the points on appeal and accordingly find no basis for dismissal on these grounds. See Mo. R. Civ. P. Rule 84.04.

4

B.    Analysis

Missouri's Sunshine Law is meant to foster openness and transparency in government. Chasnoff v. Mokwa, 466 S.W.3d 571, 577 (Mo. App. E.D. 2015) (citing Laut v. City of Arnold, 417 S.W.3d 315, 318 (Mo. App. E.D. 2013) (Laut I)).  The Sunshine Law presumes that public records are open to inspection unless such records contain information that clearly fits one of the exemptions in Section 610.021.  Am. Civil Liberties Union of Mo. Found. v. Mo. Dep't of Corr., 504 S.W.3d 150, 155 (Mo. App. W.D. 2016) (citing State ex rel. Mo. Local Gov't Ret. Sys. v. Bill, 935 S.W.2d 659, 664 (Mo. App. W.D. 1996)); see Section 610.021, RSMo (Cum. Supp. 2018).  Further, the Sunshine Law requires us to construe such exemptions strictly, while liberally construing the provisions mandating the openness of public records.  Section 610.011. When a public record contains both exempt and nonexempt material, the Sunshine Law provides that "the public governmental body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying." Section 610.024.1; Malin v. Cole Cty. Prosecuting Att'y, 565 S.W.3d 748, 750 (Mo. App. W.D. 2019) (citing Section 610.024.1); Laut I, 417 S.W.3d at 320 (citing Section 610.024.1) (noting a public governmental body is obligated to separate exempt from nonexempt information and to disclose the portions of the materials that are open to the public under the Sunshine Law).

At issue in this case is Limesand's Sunshine Law request for the City to disclose the Report, which the record characterizes as an internal affairs investigative report into alleged police misconduct.  The Sunshine Law defines an investigative report as "a record, other than an arrest or incident report, prepared by personnel of a law enforcement agency, inquiring into a crime or suspected crime, either in response to an incident report or in response to evidence developed by law enforcement officers in the course of their duties." Section 610.100.1(5).

5

Investigative reports are subject to disclosure under the Sunshine Law once the investigation is inactive, subject to redaction of exempt portions. Laut I, 417 S.W.3d at 321–23 (citing Sections 610.024.1, 610.100.1–3). In particular, Section 610.100.3 expressly allows for the closure or redaction of otherwise open investigative records where disclosure creates a safety risk, jeopardizes an investigation, or reveals information on law enforcement techniques and procedures. Id. (citing Section 610.100.3); see also Guyer v. Kirkwood, 38 S.W.3d 412, 414–15 (Mo. banc 2001). Missouri courts have clarified that while investigative reports containing both exempt and nonexempt materials are open records that must be disclosed under the Sunshine Law, such reports are nonetheless subject to redaction prior to disclosure. Section 610.024.1; Chasnoff, 466 S.W.3d at 579; Laut I, 417 S.W.3d at 323 (finding that if an investigative record can be separated into exempt and nonexempt portions then any portion that can be considered exempt may be withheld under Section 610.024.1).

Given the clear mandate to disclose investigative reports containing both exempt and nonexempt materials, public governmental bodies are obligated to determine what portions, if any, may be redacted. See Laut I, 417 S.W.3d at 323 (citing Sections 610.024.1). The Sunshine Law provides specific mechanisms for public governmental bodies which seek to comply with a Sunshine Law request but are uncertain about their disclosure obligations:

> A public governmental body which is in doubt about the legality of closing a particular meeting, record or vote may bring suit at the expense of that public governmental body in the circuit court of the county of the public governmental body's principal place of business to ascertain the propriety of any such action, or seek a formal opinion of the attorney general or an attorney for the governmental body.

Section 610.027.6. Courts have described Section 610.027.6 as a "safe harbor" provision, because it offers public governmental bodies several legal avenues to resolve any ambiguity as to their disclosure obligations and to avoid noncompliance with the Sunshine Law. Wyrick v.

6

Henry, WD 82557, 2019 WL 5874668, at *12 (Mo. App. W.D. Nov. 12, 2019) (transfer denied (Dec. 12, 2019)). Indeed, courts have held that pursuing one of the options under Section 610.027.6 to determine what information may be protected lawfully from disclosure may demonstrate a public governmental body's good-faith intent to comply with a Sunshine Law request. See Great Rivers, 290 S.W.3d at 734–35 (affirming the trial court's finding that the city did not knowingly or purposely violate the Sunshine Law because the city availed itself of one of the options of Section 610.027.6 by seeking, and stating it would abide by, the attorney general's opinion regarding the legality of closing some of the requested documents).

Here, Limesand procedurally challenges the City's declaratory-judgment action seeking judicial interpretation of its disclosure obligations under the Sunshine Law. Specifically, Limesand argues that the trial court's judgment granting *in camera* review and producing only a redacted Report was erroneous because the judgment was entered sua sponte without an evidentiary hearing to resolve disputed material facts as to the Report's exempt or nonexempt contents. Accordingly, Limesand posits that the record contains no substantial evidence to support the judgment.

On the contrary, our review of the record verifies the propriety of the procedure followed in this case and the validity of the trial court's judgment. See Farber, 558 S.W.3d at 73. Following Limesand's request for the Report, the City recognized that the Report was subject to some manner of disclosure under the Sunshine Law. As the recent holding in Laut I made clear, investigative reports containing both exempt and nonexempt materials must be disclosed, but the public governmental entity may redact information exempted by statute. 417 S.W.3d at 323; see also Laut II, 491 S.W.3d at 195. As Limesand acknowledges, the City filed the present action to address its uncertainty as to what portions it could lawfully redact from the Report when

responding to Limesand's Sunshine Law request. Limesand is incorrect in positing that the City must have taken action to protect any exempt information in the Report from disclosure prior to the trial court's judgment. The Sunshine Law expressly allows the City to bring a preliminary action to determine what information may lawfully be protected from disclosure based upon asserted statutory exemptions. The declaratory-judgment petition filed by the City is an action of inquiry, not a means of enforcement. See Section 610.027.2, .6; Wyrick, 2019 WL 5874668, at *12. By filing the declaratory-judgment action, the City exercised its statutory right under the safe harbor provision in Section 610.027.6 to seek an interpretation from the circuit court of the extent of the City's disclosure obligations. See Section 610.027.6; Wyrick, 2019 WL 5874668, at *12.

Under this procedural posture, the City's requested relief was simply for the trial court to apply the law to the contents of the Report and make appropriate redactions to comply with Limesand's Sunshine Law request. The trial court conducted a hearing on the City's petition for *in camera* review and redaction, which was properly noticed in the record and at which both Limesand and the City appeared. The trial court invited and received briefings on the nature of the claimed exemptions and discovery, including the City's proffered exemptions of personnel records under Section 610.021(13), RSMo (Cum. Supp. 2018), the balancing considerations of Section 610.100.5(1)–(2) under which a trial court considers the benefits to the requester or the public compared to harm to the public, law enforcement, or those identified in the investigative report, as well as the directive to redact exempted portions under Section 610.024.1. Subsequently, the trial court resolved any factual disputes as to the contents of the Report by conducting *in camera* review and issued its ruling, which consisted primarily of releasing a copy of the Report with redactions to those portions of the Report it determined were exempt under

8

the law. The City fully complied with the trial court's order and judgment disclosing the redacted Report to Limesand.

Upon reviewing this series of events and in considering the validity of a public governmental body's ability to seek judicial determination of its disclosure obligations under the Sunshine Law, we do not comment on whether the City elected the best course of action among the various options provided by Section 610.027.6, which include seeking an advisory opinion from legal counsel or the attorney general. Nor do we evaluate the merits of the statutory scheme provided by the legislature; rather, our inquiry is limited to whether it was permissible under the relevant law for the trial court to grant the requested relief to conduct *in camera* review and make redactions to the Report. See Greenlee v. Dukes Plastering Serv., 75 S.W.3d 273, 277–78 (Mo. banc 2002) (quoting Batek v. Curators of Univ. of Mo., 920 S.W.2d 895, 899 (Mo. banc 1996)) ("It is not the Court's province to question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination."). Here, the Sunshine Law explicitly contemplates the procedural remedy exercised in this case. See Section 610.027.6; Great Rivers, 290 S.W.3d at 734–35; Wyrick, 2019 WL 5874668, at *12.

Furthermore, while Limesand maintains on appeal that no evidentiary hearing was conducted to resolve factual disputes as to the exempt or nonexempt contents of the Report, the Laut cases recognize that the City's requested *in camera* review satisfies—and in some cases is integral for—the resolution of that inquiry. See Laut II, 491 S.W.3d at 195; Laut I, 417 S.W.3d at 323. At issue in Laut I was a factual dispute as to whether a police department internal affairs investigative report contained nonexempt criminal activity subject to disclosure or exempt personnel matters subject to closure or redaction. 417 S.W.3d. at 325. The case arose when the individuals who made the Sunshine Law request brought an action in the circuit court alleging

9

the city purposely violated the Sunshine Law by failing to fulfill their request. Id. at 318. Initially, the trial court heard arguments by the parties and granted closure of the record without having viewed its contents. Id. On appeal, however, this Court stated that although Section 610.100.5 assigns no burden to a party to request *in camera* review of investigative reports, "the Sunshine Law contains no presumption permitting the trial court to close a disputed record that it has not seen" and remanded the matter for the trial court to resolve any disputes over the disclosure requirements of the record by examining its contents *in camera*. Id. at 325–26. Thus, a trial court's *in camera* review may serve as the evidentiary basis to determine what portions of an investigative report are appropriate to redact: "*in camera* review is a practical remedy that would resolve any factual dispute, while at the same time maintaining confidentiality of documents that may be exempt from disclosure under the Sunshine Law." Id. (internal citations omitted). In the Laut case, the trial court determined through its *in camera* review on remand that the public governmental body's assertion that the record was an exempt personnel report was "wholly inaccurate" and proceeded to find that the record was subject to disclosure as an investigative report. Laut II, 491 S.W.3d at 195, 201. Notwithstanding its open-record status, the Laut trial court determined from its *in camera* review that some portions of the investigative report were indeed subject to personnel exemptions, such as the part of the record containing employee timesheets, and redacted those portions accordingly. Id. Here, likewise, the underlying question was the application of Sunshine Law exemptions to a requested record. The trial court conducted *in camera* review of the Report, ascertaining its contents and applying the law to issue its judgment that the Report was subject to disclosure with certain redactions. See Laut I, 417 S.W.3d at 325–26. Further, "[o]n appeal, we presume that the trial court properly considered the relevant portions of the Sunshine Law in rendering its decision as long as that

10

presumption is not rebutted by the record." Am. Civil Liberties Union of Mo. Found., 504 S.W.3d at 155. Based on the record on appeal, which contains only the redacted copy of the Report, there is no basis to rebut the presumption that the trial court applied the correct legal standard. See id. Accordingly, we find the trial court's judgment was supported by substantial evidence as it was grounded in interpretation of the Sunshine Law disclosure obligations and exemptions as applied to the actual contents of the Report viewed *in camera*. See Farber, 558 S.W.3d at 73.

We further note that Limesand neither argues that the City violated the Sunshine Law, nor takes issue with any of the trial court's specific redactions.[3] Because the Sunshine Law permits a public governmental body to seek judicial determination of what it is legally obligated to disclose in fulfilling a Sunshine Law request, and because *in camera* inspection is a proper means for the trial court to determine how the Sunshine Law exemptions and disclosure requirements apply to the Report, we identify no error in the trial court's proceedings and find the record substantially supports the judgment. See Section 610.027.6; Farber, 558 S.W.3d at 73; Laut I, 417 S.W.3d at 325–26; Wyrick, 2019 WL 5874668, at *12. Point One is denied.

## II.     Point Two—Motion to Compel Production of the Record Requested under the Sunshine Law

### B.     Standard of Review

We review a trial court's denial of a motion to compel discovery for an abuse of discretion. State v. Donovan, 539 S.W.3d 57, 69 (Mo. App. E.D. 2017) (citing State v. Taylor, 134 S.W.3d 21, 26 (Mo. banc 2004)). A trial court has "broad discretion in the control and

---

[3] To dispute the trial court's redaction choices and facilitate meaningful review of the contested record, Limesand could have moved to compel the City to supplement the record on appeal with the full, unredacted record at issue. See Tipton v. Barton, 747 S.W.2d 325, 330, 332 (Mo. App. E.D. 1988) (providing meaningful review where the contested, undisclosed record was submitted under seal to the appellate court).

management of discovery[.]" City of Wentzville v. Dodson, 133 S.W.3d 543, 548 (Mo. App. E.D. 2004). However, "we will find [a trial court] abused its discretion if its ruling was clearly against the logic of the circumstances then before it and so arbitrary and unreasonable as to shock our sense of justice and indicate a lack of careful consideration." Id. "If reasonable persons can differ as to the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion." Donovan, 539 S.W.3d at 69 (quoting Taylor, 134 S.W.3d at 26). Any questions of statutory interpretation we review de novo. Laut II, 491 S.W.3d at 196.

C.    Analysis

In Point Two, Limesand challenges the trial court's denial of his motion to compel production of the full and unredacted Report, claiming that the City did not assert any legitimate privilege to preclude discovery of Report's contents.

With his motion to compel production of the full and unredacted Report, Limesand proposed the entry of a protective order limiting production of the Report to his attorney to ensure that the trial court's redactions, if any were made, would be proper under the Sunshine Law. The trial court took briefing on the issue, denied the motion, and proceeded to inspect the Report in camera to make determinations as to the City's claimed exemptions.

Here, Limesand's discovery demand reached the very question underlying the City's declaratory-judgment petition. Limesand reasons that the Sunshine Law cannot create privilege from discovery, relying on State ex rel. Mo. Ethics Comm'n v. Nichols, 978 S.W.2d 770, 773–74 (Mo. App. E.D. 1998) (noting that "state statutes patterned on the [f]ederal [FOIA] which protect certain types of documents from disclosure, but do not specifically protect them from discovery, do not create a privilege to withhold relevant documents from judicial discovery in a court action"). Indeed, the Sunshine Law does not serve to bar discovery in non-Sunshine Law cases,

12

but that proposition is inapplicable here. Specifically, in non-Sunshine Law cases, Missouri courts recognize that "the fact that a record is closed to the public under the Sunshine Law does not mean that the record is immune from discovery by a party in litigation." State v. Jackson, 353 S.W.3d 657, 660 n.2 (Mo. App. S.D. 2011). In other words, the Sunshine Law does not create a privilege that can prelude or otherwise limit discovery in other litigation contexts. See id. at 661 (involving a defendant's discovery of police officer files in a criminal case); Donovan, 539 S.W.3d at 69 n.4 (same); Nichols, 978 S.W.2d at 771, 773 (involving a discovery dispute in an action alleging abuse of process, libel, slander, and civil conspiracy). Rather, the exemptions and closed-records provisions of the Sunshine Law "only extend[] to the *public's* access to such files" and not, for instance, to a criminal defendant's right to discovery information that is material and favorable to his defense. Donovan, 539 S.W.3d at 69 n.4. These cases are not instructive because the matter before us is a Sunshine Law case in which the ultimate issue is the disclosure of the Report based on a request for public access. Here, the Sunshine Law recognizes specific statutory exemptions from disclosure, and thus disclosure of the Report is not a proper subject for a motion to compel. See id.

Limesand contends that he was disadvantaged in arguing in favor of disclosure of the unredacted Report by not being able to review its contents. However, as addressed in Point One, we presume that the trial court was duly informed on the law for disclosure of investigative reports following the parties' hearing and briefing in order to inspect the Report *in camera* and make appropriate, lawful redactions. See Am. Civil Liberties Union of Mo. Found., 504 S.W.3d at 155. Moreover, the requested relief in this case was *in camera* review and redaction. "The term *in camera* means in the judge's private chambers and out of the presence of those 'persons who should not be privy to the information to be disclosed.'" State ex rel. Pulitzer, Inc. v.

13

Autrey, 19 S.W.3d 710, 717 n.3 (Mo. App. E.D. 2000) (quoting State ex rel. Stecher v. Dowd, 912 S.W.2d 462, 465 (Mo. banc 1995)). "The protection [of *in camera* review] cannot be achieved, of course, if counsel for defendants is present for the inspection." Stecher, 912 S.W.2d at 465. Here, the City petitioned for *in camera* review to determine what information should be disclosed to Limesand. We are persuaded that compelling production of the full Report, even if only to Limesand's attorney, may have defeated the very purpose of the declaratory-judgment action. Where discovery would obviate the relief sought—here, *in camera* review and redaction by the trial court as contemplated in Section 610.027.6—we cannot say the trial court abused its discretion and erred in denying the motion to compel. See id.; Donovan, 539 S.W.3d at 69.

Given the trial court's broad discretion over discovery matters, the trial court's decision to preclude Limesand or his attorney from viewing the unredacted Report prior to determining the City's disclosure obligations was neither fundamentally unfair nor clearly against the logic of the circumstances of the case. See id.; Dodson, 133 S.W.3d 543, 548; see also Jackson, 353 S.W.3d at 658. We therefore hold that the trial court did not commit an abuse of discretion in denying Limesand's motion to compel. See Donovan, 539 S.W.3d at 69. Point Two is denied.

**Point Three—Attorneys' Fees**

A.     Standard of Review

We review a trial court's award of attorneys' fees and litigation expenses under the abuse-of-discretion standard. Chasnoff, 466 S.W.3d at 584. "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." Donovan, 539 S.W.3d at 69 (citing Taylor, 134 S.W.3d at 26). We give de novo

14

review to questions of statutory interpretation. Laut II, 491 S.W.3d at 196 (internal citation omitted).

B.    Analysis

In Point Three, Limesand submits that the trial court erred in denying his request for attorneys' fees and litigation expenses because Section 610.027.6 requires that the City bear his expenses arising from the City's petition to the circuit court for judicial interpretation of its Sunshine Law disclosure obligations. Initially, we note that Limesand preserved this point on appeal by raising his request for fees in his responsive pleading as well as in his motion to amend the judgment or for a new trial.

As discussed in Point One, Section 610.027.6 provides that "[a] public governmental body which is in doubt about the legality of closing a particular meeting, record or vote may bring suit *at the expense of that public governmental body* in the circuit court[.]" (emphasis added). The Supreme Court of Missouri has interpreted this statute to mean that the public governmental body bringing a declaratory-judgment action *must* shoulder the costs for both itself and the party against whom it filed suit. Hemeyer v. KRCG-TV, 6 S.W.3d 880, 883 (Mo. banc 1999) (citing Section 610.027.5, RSMo 1994[4]). Hemeyer distinguishes this provision from other Sunshine Law fee-shifting provisions, finding that for actions contemplated by Section 610.027.6, an intentional violation of the Sunshine Law is not a prerequisite to requiring the public governmental body pay the opposing party's fees. 6 S.W.3d at 883–84. Missouri courts have recognized that a public governmental body bringing suit under this safe harbor provision has elected judicial action over less costly and less litigious options, namely consulting with an

---

[4] The legislature renumbered the subsections of Section 610.027 in the 2004 amendment. In Hemeyer, the relevant Section 610.027.6 was denoted as Section 610.027.5. For ease of reference, the discussion will refer to subsection 6 throughout.

attorney or the attorney general. See Bill, 935 S.W.2d at 666. Accordingly the Sunshine Law's mandate to liberally construe its provisions in favor of openness supports the public governmental body bearing the costs. See id. (citing Section 610.011.1) (requiring the governmental body that had brought suit when in doubt about disclosing certain information to pay the Sunshine Law requester's litigation expenses and reasonable attorneys' fees). Requiring a public governmental body to pay for the requester's fees prevents the chilling effect that could result from it being "free to 'test' the determination of anyone requesting its records by filing a lawsuit, putting that person in the dilemma of not defending his or her request in court or enduring the significant expense of doing so." Hemeyer, 6 S.W.3d at 883 (internal citation omitted).

Here, the City initiated its declaratory-judgment action asking the circuit court to decide whether the City could legally redact certain portions of the Report. As Limesand notes, the Sunshine Law authorizes public governmental bodies to bring such a suit "at the expense of that public governmental body." Section 610.027.6. As in Hemeyer, the declaratory-judgment action in this case is governed by Section 610.027.6, which entitles Limesand to reasonable attorneys' fees as the party who made the Sunshine Request and was then compelled by the City to appear in court. 6 S.W.3d at 883–84; Bill, 935 S.W.2d at 666.

The City counters that Section 610.100.5(6) specifically addresses investigative reports and should govern the award of attorneys' fees in this case:

> The court may find that the party seeking disclosure of the mobile video recording or the investigative report shall bear the reasonable and necessary costs and attorneys' fees of both parties, unless the court finds that the decision of the law enforcement agency not to open the mobile video recording or investigative report was substantially unjustified under all relevant circumstances, and in that event, the court may assess such reasonable and necessary costs and attorneys' fees to the law enforcement agency.

16

Section 610.100.5(6). Although mentioned in Hemeyer, which concerned a video recording as the subject of the Sunshine Law request, the Court did not address this provision, because it was raised only by amicus curiae and not by the parties. See Hemeyer, 6 S.W.3d at 882 (internal citation omitted). We hold that Section 610.100.5(6) is not dispositive in the present case because this provision is contained within subsection 5, which sets forth rules for when an individual brings an action in the circuit court to obtain judicial disclosure of an investigative report (or mobile video recording) that would otherwise be closed. Here, in contrast, the City brought the declaratory-judgment action because it recognized the Report was subject to some level of disclosure. Additionally, the Supreme Court recently observed that Section 610.027.6 operates unidirectionally in favor of Limesand: "Section 610.027.6 specifically states that, even when the governmental body acts as a plaintiff in bringing a declaratory action to determine for itself the legality of closing a public meeting, record, or vote, *it must do so at its own expense— it has no right to costs regardless of whether the court determines the meeting or document is subject to disclosure.*" Roland v. St. Louis City Bd. of Election Comm'rs, No. SC97781, 2019 WL 7161284 at *6 (Dec. 24, 2019), reh'g denied (Dec. 24, 2019) (emphasis added). Thus, we find the trial court abused its discretion in declining to award any fees or costs to Limesand for his representation in responding to the City's declaratory-judgment petition.[5] See Chasnoff, 466 S.W.3d at 584.

---

[5] We note that the City's voluntary dismissal of the case with prejudice after the trial court entered judgment was ineffective and did not deprive the trial court of jurisdiction to amend its judgment or award fees. See Mo. R. Civ. P. Rule 67.02(a)(2) (requiring a plaintiff's dismissal without order of the court to occur prior to the introduction of evidence at trial); Smith v. A.H. Robins Co., 702 S.W.2d 143, 146 (Mo. App. W.D. 1985) (observing that plaintiff's attempted partial dismissal was ineffective following the trial court's ruling against the plaintiff on summary judgment) (*abrogated on other grounds by* Speck v. Union Elec. Co., 731 S.W.2d 16, 20 n.2 (Mo. banc 1987), *superseded by repeal of Rule 81.06 as stated in* Buemi v. Kerckhoff, 359 S.W.3d 16, 28 n.5 (Mo. banc 2011)).

Limesand also seeks an award of appellate attorneys' fees and costs in the amount of $15,945.13. An award of appellate attorneys' fees generally correlates with our determination that Limesand prevails in his point that the trial court erred in denying him any fee award. However, we are not persuaded that the full amount of requested fees is justified, particularly given that Limesand does not prevail in his first two points on appeal. See Goins v. Goins, 406 S.W.3d 886, 890 n.1 (Mo. banc 2013); Bill, 935 S.W.2d at 666. We are mindful of the potential abuse of the Sunshine Law absent a reasonable limit to the amount of fees that may be awarded to a Sunshine Law requester. The trial court may limit the award of fees to that amount reasonably generated at the trial court level when responding to a straightforward declaratory-judgment action confined to seeking *in camera* review and redaction. Parties who bring numerous meritless motions or raise multiple unsuccessful points on appeal are not entitled to an award of fees for such conduct. See Hemeyer, 6 S.W.3d at 885 (Holstein, J., concurring in part, dissenting in part) (cautioning against interpreting the fee provision as a blank check proliferating "meritless challenges, unnecessary discovery and motions, and frivolous appeals when a governmental body seeks judicial guidance regarding open records"). We do not presume that Section 610.027.6 requires a trial court to award the opposing party any and all fees requested when a public governmental body seeks judicial review to facilitate compliance with Sunshine Law requests. Instead, we interpret Section 610.027.6 to require the award of *reasonable* attorneys' fees and costs, allowing the trial court to use its expertise in attorneys' fees to award an amount proportionally appropriate to the needs of the case. See id.; Chasnoff, 466 S.W.3d at 584.

Accordingly, Point Three is granted in part, and we remand for the trial court to determine an appropriate award of reasonable attorneys' fees and costs for Limesand limited to

18

his representation in responding to the City's petition and in successfully appealing the denial of those fees.

Conclusion

The judgment of the trial court is affirmed in part and reversed and remanded in part.

_____

KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.