

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

SYLVIA PRIDE,        )
       )
         Appellant,    )
       )    **WD85605**
v.        )
       )    **OPINION FILED:**
       )    **May 2, 2023**
BOONE COUNTY SHERIFF'S    )
DEPARTMENT and DIANA O'NEILL,   )
       )
       Respondents.    )

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Joshua C. Devine, Judge**

**Before Division Four:** Gary D. Witt, Chief Judge, Presiding, and
Mark D. Pfeiffer and Thomas N. Chapman, Judges

Ms. Sylvia Pride ("Pride") filed a *pro se* First Amended Petition against the Boone

County Sheriff's Department and individuals serving in the capacity of records

custodians ("Sheriff") and the Boone County Prosecutor's Office and individuals serving

in the capacity of records custodians ("Prosecutor"), alleging noncompliance with

Sunshine Law[1] requests for records from their respective departments. A motion to

---

[1] Although containing no "title" provision, section 610.010 *et seq*. is commonly
called the Sunshine Law. *Pennington v. Dobbs*, 235 S.W.3d 77, 78 n.1 (Mo. App. S.D.

dismiss was filed on behalf of the Sheriff and the Prosecutor asserting that they were the improper defendants for a Sunshine Law lawsuit.[2]  The Circuit Court of Boone County, Missouri ("circuit court"), granted the motion to dismiss.  We reverse and remand.

We first address whether the circuit court's dismissal ruling is properly before us, since the circuit court's dismissal order gave Pride leave to file an amended petition. "Generally, a dismissal without prejudice is not a final, appealable judgment." *Lee v. Mo. Dep't of Transp.*, 618 S.W.3d 258, 262 (Mo. App. W.D. 2021).  However, when the court dismisses the petition without prejudice for failure to state a claim[3] and the plaintiff elects to stand on her petition rather than pleading additional facts, the judgment of dismissal constitutes an appealable adjudication on the merits.  *Id.*  Because Pride decided to stand on her First Amended Petition rather than amending it, her appeal is properly before this Court.[4]

---

2007).  All references to Missouri Revised Statutes are to the REVISED STATUTES OF MISSOURI 2016.

    [2] The motion to dismiss purports to be filed on behalf of the Sheriff only and not the Prosecutor, but the substance of the motion asserts that all of the defendants are improperly named as party defendants.  Of additional confusion, the motion is signed by attorneys identifying themselves as "Attorneys for County of Boone," which is *not* a party to the case.  Apparently excusing these procedural deficiencies in the motion to dismiss, the circuit court issued a judgment and order dismissing all of the named defendants.  Given our ruling today, it is unnecessary to address the procedural deficiencies underlying the motion to dismiss and corresponding judgment of dismissal.

    [3] Where the circuit court dismisses a petition for filing a lawsuit against improper defendants, the dismissal is one for failure to state a claim upon which relief can be granted.  *Midwest Freedom Coal., LLC v. Koster*, 398 S.W.3d 23, 25 (Mo. App. W.D. 2013).

    [4] The Sheriff and the Prosecutor have also separately filed a motion to dismiss this appeal, asserting new theories for the first time on appeal as to why the underlying First Amended Petition should be dismissed.  While these new bases for dismissal may survive our ruling today, those theories for dismissal are not properly before this Court for

We review a circuit court's grant of a motion to dismiss *de novo*. *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 797 (Mo. banc 2017).

Though Pride has filed numerous points on appeal, the gravamen of her argument is that she has stated a cause of action for violation of Missouri's Sunshine Law against the Sheriff and the Prosecutor. We agree.

> The Sunshine Law requires each public governmental body to appoint a custodian of its records and, upon request, make available the custodian's identity and location. . . . The custodian must act on a records request within three business days after receiving it. Accordingly, Appellant's claim has three elements. [Her] petition needed to allege (1) [her] request for access to a public record; (2) the custodian of records received the request; and (3) the custodian did not respond within three business days thereafter.

> A motion to dismiss for failure to state a claim is solely a test of the petition's adequacy. The petition's averments are assumed true and construed liberally and favorably to the plaintiff, with no attempt made to determine if they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner to determine if its allegations meet the elements of a recognized or potential cause of action. To reiterate, a court reviewing a motion to dismiss treats all facts alleged as true.

*Pennington v. Dobbs*, 235 S.W.3d 77, 79 (Mo. App. S.D. 2007) (citations omitted) (internal quotation marks omitted).

First, "public governmental body" is defined by the Sunshine Law as including "[a]ny department or division . . . of any county." § 610.010(4)(c). Hence, both the Sheriff, *Charlier v. Corum*, 774 S.W.2d 518, 520 (Mo. App. W.D. 1989), and the

---

consideration. *Breeden v. Hueser*, 273 S.W.3d 1, 6 (Mo. App. W.D. 2008); *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462, 472 (Mo. App. E.D. 2022). Accordingly, the motion to dismiss the appeal is denied.

3

Prosecutor, *Starr v. Jackson Cnty. Prosecuting Att'y*, 635 S.W.3d 185, 190 n.5 (Mo. App. W.D. 2021), are "public government bodies" as contemplated by the Sunshine Law.[5]

Second, Pride's First Amended Petition has alleged a violation of Missouri's Sunshine Law by alleging that these two "public governmental bod[ies] allegedly refuse[d] or fail[ed] to respond to a statutorily compliant request." *Id.* at 190. For, Pride has alleged that: (1) a request for access to a public record was made to both the Sheriff and the Prosecutor; (2) such request was received by the custodian of records for both the Sheriff and the Prosecutor; and (3) the custodian of records knowingly refused to produce public records in its possession that would have been responsive to the public records request.

While a fact-finder may eventually conclude that Pride's allegations are not substantiated by the evidence, we are not at that stage of the proceedings. Today, we are only concerned with the notion that Pride has stated a claim for relief. She has. The circuit court erred in dismissing her First Amended Petition.

---

[5] In its Motion to Dismiss Pride's petition, the Sheriff asserts, without substantive argument, that it (and implicitly the Prosecutor's office) is an improper defendant because the Sheriff's office is only a subdivision of the County of Boone. Accordingly, the motion argues that the County of Boone is the sole defendant Pride can look to for relief. In addition to the case law cited above directly stating that both of the defendant parties in this proceeding are governmental bodies subject to the Sunshine Law, there is an extensive body of precedent in Missouri finding that subdivisions of a city or county are proper defendants. *See Hemeyer v. KRCG-TV*, 6 S.W.3d 880 (Mo. banc 1999) (Sheriff); *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462 (Mo. App. E.D. 2022) (Prosecuting Attorney); *Pennington v. Dobbs*, 235 S.W.3d 77 (Mo. App. S.D. 2007) (Sheriff); *Jones v. Jackson Cnty. Cir. Ct.*, 162 S.W.3d 53 (Mo. App. W.D. 2005) (Circuit Court); *News-Press & Gazette Co. v. Cathcart*, 974 S.W.2d 576 (Mo. App. W.D. 1998) (Medical Examiner).

Accordingly, we reverse the circuit court's dismissal ruling and remand to the circuit court for further proceedings consistent with today's ruling.

/s/ *Mark D. Pfeiffer*
_____
Mark D. Pfeiffer, Judge

Gary D. Witt, Chief Judge, and Thomas N. Chapman, Judge, concur.